840 So.2d 445 (2003)
Henrietta DOLEGA, Appellant,
v.
SCHOOL BOARD OF MIAMI-DADE COUNTY, Appellee.
No. 3D02-2423.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Herdman & Sakellarides, and Mark Herdman, Palm Harbor, for appellant.
Madelyn P. Schere, for appellee.
Before COPE, and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Henrietta Dolega appeals her termination of employment by appellee Miami-Dade County School Board. We affirm.
Between 1994 and early 1997, Dolega had several conferences with School Board personnel concerning her excessive absences and lack of emergency lesson plans to cover her absences. Dolega then took an extended leave of absence, and did not return to work until April 30, 2001.
Before she started work again, another conference was held on April 25, 2001 at which the School Board issued the following directives to Dolega:
1. Be in regular attendance and on time.
2. Intent to be absent must be communicated directly to the principal.
3. Site procedures for provision of lesson plans and materials for the substitute teacher must be adhered to. (Chapman Elementary where Dolega worked requires five days of lesson plans to be kept in an emergency folder).
4. Further absences in excess of accrued leave will result in disciplinary action, including dismissal.
Dolega was absent a total of twelve days in September and October of 2001, seven days due to recovery from dental surgery and five days due to a leg injury. Six of the absences were covered by accrued leave, six were unauthorized. Dolega had discussed the surgery beforehand with her principal, but had not planned on being absent for one entire week. Although she faxed the lesson plans to the school each day of her absence, the school received the lesson plans after classes had begun so that the substitute teacher had no idea as to the curriculum to be taught at the start of the day. Dolega had several other absences in November and December of *446 2001, but these were covered by accrued leave. However, Dolega's emergency lesson plan folder was not in compliance on either of those occasions.
On October 30, 2001, the School Board sent Dolega a memo reminding her of the directives issued April 25, 2001. On November 16 and December 12, 2001, Dolega met with the regional personnel director to discuss her noncompliance with the directives. The director then recommended that Dolega be dismissed for gross insubordination, willful neglect of duty, and incompetency due to physical incapacity.
After a hearing at which Dolega, her former and current principal, and the School Board personnel director testified, the administrative law judge found no evidence of physical incapacity, but did find that Dolega's noncompliance with repeated directives amounted to insubordination and willful neglect. The School Board adopted the administrative law judge's recommendation and terminated Dolega's employment.
Florida Administrative Code Rule 6B-4.09(4) defines gross insubordination or willful neglect of duties as a constant or continuing intentional refusal to obey a direct order, reasonable in nature, and given by and with proper authority. Rutan v. Pasco County School Board, 435 So.2d 399, 400 (Fla. 2d DCA 1983); Smith v. School Board of Leon County, 405 So.2d 183, 185 (Fla. 1st DCA 1981). In Smith, an employee's outburst did not constitute gross insubordination because it was an isolated incident rather than continuous and was not disobedience of a direct order. Similarly, in Rutan, the school board's finding of gross insubordination and willful neglect was reversed because Rutan never refused to obey a direct order.
In this case, Dolega was repeatedly directed to provide lesson plans as a contingency for unexpected absences. She continually failed to do so. Dolega argues that she never refused to provide lesson plans, she merely failed to have them done as required. We hold that Dolega's repeated failure to comply with her lesson plan requirement is a tacit refusal to comply with the April 25, 2001 directives. Accordingly, we affirm the School Board's decision to terminate Dolega's employment.